United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-41221

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUAN GONZALES, also known as Jose Ventura-Ginez

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Laredo
No. 5:05-CR-163-1

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

## I. BACKGROUND

Defendant-appellant Juan Gonzales pleaded guilty to one count of reentry of a removed alien in violation of 8 U.S.C. § 1326. The presentence report (PSR) recommended that Gonzales's base offense level of eight be increased by sixteen levels for a prior drug-trafficking conviction in accordance with section 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Gonzales's prior conviction was

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for unlawful delivery of a controlled substance in violation of section 481.112 of the Texas Health and Safety Code. The district court adopted the PSR and, after making other adjustments, arrived at a total offense level of 21 and a criminal-history category of V, resulting in a Guidelines sentencing range of 70 to 87 months' imprisonment. The court imposed a sentence of 76 months' imprisonment and 3 years' supervised release. Gonzales appeals his sentence.

## II. DISCUSSION

Gonzales argues that the district court erred by applying the 16-level enhancement because a Texas conviction for delivery of a controlled substance is not a drug-trafficking offense under U.S.S.G. § 2L1.2(b)(1). As Gonzales concedes, we review for plain error since he did not properly preserve his argument below. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Under plain-error review, we first inquire whether the district court's imposition of the enhancement was erroneous and, if so, whether the error was plain (i.e., clear or obvious). Id. We review the district court's interpretation and application of the Guidelines de novo. Id.

Under the categorical approach of United States v. Taylor, 495 U.S. 575, 602 (1990), the court "looks to the elements of the prior offense, rather than to the facts underlying the

-2-

conviction, when classifying a prior offense for sentence enhancement purposes." Garza-Lopez, 410 F.3d at 273. When determining whether a prior offense is a drug-trafficking offense, the court may also consider documents such as the charging instrument and the jury instructions. Id. The court may not, however, rely solely on the description of the offense contained in the PSR. See id. at 274.

The statutory definition of delivery of a controlled substance in Texas, as defined by section 481.112 of the Texas Health and Safety Code, encompasses activity that does not fall within section 2L1.2's definition of "drug trafficking offense." Section 481.112 criminalizes the knowing manufacture, delivery, or possession with intent to deliver a controlled substance. See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003). "Deliver" is defined, in relevant part, as "to transfer, actually or constructively, to another a controlled substance," and it "includes offering to sell a controlled substance." Id. § 481.002. We have previously stated that offering to sell a controlled substance lies outside section 2L1.2's definition of "drug trafficking offense," since section 2L1.2 "covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things)."[1] Garza-Lopez, 410 F.3d at 274. The district

_____

[1] The commentary to section 2L1.2 defines "drug trafficking offense" as "an offense under federal, state, or local law that

-3-

court therefore could not have concluded that Gonzales was convicted of a drug-trafficking offense by looking at the language of section 481.002. Cf. id. at 274-75 (concluding that section 11379(a) of the California Health and Safety Code was broader than section 2L1.2's definition of "drug trafficking offense" because section 11379(a) also criminalizes, inter alia, offering to sell a controlled substance).

With the court's permission, the parties have supplemented the record in this case with the indictment and the jury instructions pertaining to Gonzales's prior conviction. But both documents confirm that Gonzales's conviction may have been for activity that does not constitute a drug-trafficking offense, i.e., offering to sell a controlled substance. The state indictment alleged that Gonzales "did unlawfully, knowingly and intentionally deliver, to-wit: actually transfer, constructively transfer, and offer to sell a controlled substance." And the jury instructions state that Gonzales was accused of delivery of a controlled substance and that the term "delivery" "includes offering to sell a controlled substance."

The government obliquely argues that we can be assured Gonzales has been convicted of actual delivery and constructive

_____

prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) (2004).

delivery of a controlled substance since the indictment charged actual delivery, constructive delivery, and offering to sell a controlled substance in the conjunctive rather than in the alternative. We perceive the government's argument to be that because the indictment alleged that Gonzales "did . . . actually transfer, constructively transfer, and offer to sell a controlled substance," 2d Supp. R. 4 (emphasis added), when the jury convicted Gonzales it found that he had actually transferred, constructively transferred, and offered to sell a controlled substance; since the jury found that Gonzales both actually and constructively transferred a controlled substance, he committed a drug-trafficking offense.

But as the government points out, "[a] disjunctive statute may be pleaded conjunctively and proven disjunctively." United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996); see also Cano v. Texas, 3 S.W.3d 99, 106 (Tex. App.——Corpus Christi 1999, pet. ref'd) ("The State may plead all three forms of delivery in the indictment. Each of the theories may be submitted alternatively in the jury charge." (internal citation omitted)). That is, even though the indictment charged Gonzales with actually transferring, constructively transferring, and offering to sell a controlled substance, the jury could have convicted him based on an offer to sell alone. This is confirmed in the jury instructions, which informed the jury that Gonzales was charged with "actually transfer[ring], constructively transfer[ring], or

offer[ing] to sell a controlled substance." 2d Supp. R. 7 (emphasis added). Because the indictment and jury instructions permitted the jury to convict Gonzales for behavior that does not constitute a drug-trafficking offense (i.e., offering to sell a controlled substance), it would be error to rely on these documents to support the enhancement.

Moreover, the government's argument that the court should look to the common, ordinary, and contemporary understanding of "delivery of a controlled substance" is without merit. We would look to the generic, contemporary meaning of "drug trafficking offense" if it were undefined, see United States v. Torres-Diaz, 438 F.3d 529, 536 (5th Cir.), cert. denied, 126 S. Ct. 1487 (2006), but "drug trafficking offense" is defined in the commentary to section 2L1.2, see U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). There is no basis for the court to look to a generic, contemporary meaning of "delivery of a controlled substance"; instead, the court looks to the elements of the offense as enumerated in section 481.112(a). See Torres-Diaz, 438 F.3d at 537.

Accordingly, the district court erred when it concluded that Gonzales's prior conviction was for a drug-trafficking offense. We also conclude that this error is plain since Garza-Lopez makes it clear that offering to sell a controlled substance does not constitute a drug-trafficking offense. See 410 F.3d at 274.

We turn then to the question whether the error affected

Gonzales's substantial rights. "[W]e must determine 'whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." Id. at 275 (quoting United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005) (per curiam)).

Gonzales has satisfied his burden on the third prong of plain-error review. Absent the erroneous 16-level enhancement under section 2L1.2(b)(1)(A)(i), Gonzales would have been subject at most to an 8-level enhancement under section 2L1.2(b)(1)(C) for a prior aggravated-felony conviction (although Gonzales does not concede that this enhancement would have been proper). An 8-level enhancement would have resulted in a total offense level of 13. With a criminal-history category of V, this would yield a Guidelines sentencing range of 30 to 37 months' imprisonment, which is significantly lower than the 76-month sentence that Gonzales received.[2]

---

[2] United States v. Ochoa-Cruz, 442 F.3d 865 (5th Cir. 2006) (per curiam) is distinguishable. In that case, we reviewed for plain error a 16-level enhancement under section 2L1.2(b)(1)(A)(ii) for a prior crime-of-violence conviction. We concluded that the district court plainly erred by relying solely on the PSR's description of the prior offense to support the enhancement. Id. at 867. But we concluded that the defendant had not demonstrated that the error affected his substantial rights because he had failed even to argue, and thereby failed to show, that the offenses for which he had previously been convicted were not crimes of violence. Id. Gonzales has done so here by demonstrating that section 481.112 encompasses activity that does not constitute a drug-trafficking offense.

-7-

Under the fourth prong of plain-error review, we may reverse only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  United States v. Olano, 507 U.S. 725, 732 (1993).  We conclude that this prong is satisfied here, as we have in other cases where "the district court's error clearly affected [the] sentence."  United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005) (per curiam); see also Garza-Lopez, 410 F.3d at 275 (holding that erroneous enhancement for prior drug-trafficking offense resulting in a substantially different sentence affected the fairness of judicial proceedings).[3]

## III. CONCLUSION

For the foregoing reasons, we conclude that the district court committed plain error and that Gonzales's sentence must be vacated.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

---

[3] In order to preserve the argument for further review, Gonzales also contends that his sentence should be limited to the two-year statutory maximum in § 1326(a) rather than the 20-year maximum in § 1326(b)(2).  He asserts that § 1326(a) and § 1326(b)(2) create separate offenses and that the indictment did not charge him with a § 1326(b)(2) offense because it did not allege that he was removed subsequent to an aggravated-felony conviction.  But as he concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

-8-