**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41491
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON BARRERA-CASTRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(7:05-CR-405-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ramon Barrera-Castro appeals his conviction and sentence for attempting to enter the United States after deportation in violation of 8 U.S.C. § 1326(a) & (b). He contends that the district court plainly erred in increasing his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his 1999 and 2002 Texas convictions for possession with intent to deliver a controlled substance, arguing that his prior offenses do not constitute drug trafficking offenses. As Barrera-Castro did not raise this issue in the district court, our review is limited to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error.  See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003).  Barrera-Castro has two prior Texas convictions for possession with intent to deliver cocaine in violation TEX. HEALTH & SAFETY CODE ANN. § 481.112(a)(Vernon 1993), which defines "deliver" in relevant part to include "offering to sell a controlled substance, counterfeit substance, or drug paraphernalia."  The indictments and the judgments concerning these prior Texas convictions do not provide the specific means of commission of the offenses, and Barrera-Castro has not admitted such facts.  The district court plainly erred in increasing Barrera-Castro's offense level relying solely on the factual narrative in the Presentence Report.  See United States v. Gonzales, __ F.3d __, No. 05-41221, 2007 WL 1063993 at **2-3 (5th Cir. Mar. 7, 2007); see also United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  The error affected Barrera-Castro's substantial rights because, without the 16-level enhancement, his guidelines sentencing range would have been 37-46 months, much less than his 63-month sentence.  See Gonzales, 2007 WL 1063993 at * 2. As the error clearly affected Barrera-Castro's sentence, the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  See id. at *3.  Accordingly, Barrera-Castro's sentence is vacated, and the case is remanded for resentencing in accordance with Gonzales.

Barrera-Castro also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony

2

convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Barrera-Castro's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276. Barrera-Castro properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Barrera-Castro's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.