United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40975
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS LOZOYA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(7:05-CR-301-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Luis Lozoya appeals the sentence imposed following his guilty-plea conviction for importation of 11 grams of flunitrazepam, a controlled substance. He contends that the district court plainly erred in sentencing him as a career offender under U.S.S.G. § 4B1.1. He argues that his prior Texas convictions for possession with intent to deliver a controlled substance are not "controlled substance offenses" under U.S.S.G. § 4B1.2(b), because the Texas statute under which he was convicted includes conduct (offering to sell) that does not fall within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

definition of "controlled substance offense" in § 4B1.2(b). As Lozoya did not raise this issue in the district court, review is limited to plain error. See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003).

Lozoya was convicted of possession with intent to deliver a controlled substance in violation of TEX. HEALTH & SAFETY CODE ANN. § 481.112. In the context of this statute, "[d]eliver means to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8). Deliver is further defined as "offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." Id. This statute encompasses conduct (i.e., offering to sell a controlled substance) that is not included in the definition of a controlled substance offense under § 4B1.2(b). This conclusion is supported by United States v. Gonzales, ___ F.3d ___, No. 05-41221, 2007 WL 1063993 (5th Cir. Mar. 7, 2007), in which we held that a prior Texas conviction for delivery of a controlled substance under the same Texas statute was not a drug trafficking offense under U.S.S.G. § 2L1.2, because the Texas statute included conduct that did not constitute a drug trafficking offense, viz., offering to sell a controlled substance. Id. at *2. The definitions of a controlled substance offense under § 4B1.2(b) and a drug trafficking offense under § 2L1.2 are virtually identical. The district court thus erred in determining that Lozoya was a career offender under § 4B1.1 based in part on his

2

prior Texas convictions under TEX. HEALTH & SAFETY CODE ANN. § 481.112. The error was clear under <u>Gonzales</u> and <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 273-74 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005) (holding that offering to sell under a California statute was not a drug trafficking offense under § 2L1.2).

Lozoya has shown that the error affected his substantial rights as, without the erroneous enhancement under § 4B1.1, his guidelines sentencing range would have been 12 to 18 months, much less than his 151-month sentence. <u>See</u> <u>Gonzales</u>, 2007 WL 1063993 at **2-3. As the error clearly affected his sentence, Lozoya has shown that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. <u>Id.</u> at *3. We therefore vacate Lozoya's sentence and remand his case to the district court for resentencing. As we vacate Lozoya's sentence, we need not address his additional argument that the sentence imposed by the district court was unreasonable. <u>See, e.g.</u>, <u>United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005). SENTENCE VACATED; REMANDED FOR RESENTENCING.