United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40603
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL PEREZ-GUILLEN, also known as Jesus Bonilla,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2357-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Perez-Guillen (Perez) appeals his 57-month sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b). Perez argues that the district court erred by applying a 16-level enhancement to his sentence because his 1994 conviction of delivery of a controlled substance did not qualify as a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i). He contends that the statute under which he was convicted, TEX. HEALTH AND SAFETY CODE § 481.112 (Vernon 1993), punished an offer to sell a controlled substance,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct beyond the ambit of § 2L1.2's definition of a "drug trafficking offense." He asserts that the state-court documents presented in support of the enhancement failed to show that he had pleaded guilty to delivery of a controlled substance by actual or constructive transfer, rather than by offering to sell a controlled substance. Perez concludes that, absent specifics as to his plea, the Government had failed to prove that his prior conviction was a "drug trafficking offense" that merited a 16-level enhancement.

At the time Perez was charged, § 481.112(a) provided that: "a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1." "Deliver" was defined to include the "transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia" and "offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." § 481.002(8). Perez's indictment charged him with delivery of a controlled substance by actual transfer, constructive transfer, and offering to sell. As Perez points out, the contents of his indictment are not dispositive because, under Texas law, the State may "plead alternative 'manner or means' in the conjunctive when proof of any one 'manner or means' will support a guilty verdict." Johnson v. State, 187 S.W.3d 591, 604 (Tex. App. 2006). Perez's judgment reflected only that

Perez had pleaded guilty to the delivery of a controlled substance, without specifying the means by which he committed the offense.  Consequently, the district court could not properly have relied on the language of § 481.112, Perez's indictment, or his judgment to determine that Perez had committed a "drug trafficking offense" as they are overbroad.  See United States v. Garza-Lopez, 410 F.3d 268, 274-75 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  The record does not include a transcript of the guilty plea hearing or any other appropriate documentary evidence that would establish whether Perez admitted to actually or constructively transferring a controlled substance, rather than merely offering to sell a controlled substance.  See Shepard v. United States, 544 U.S. 13, 16 (2005).  Accordingly, the district court erred by applying a 16-level enhancement to Perez's sentence.  See United States v. Gonzales, ___ F.3d ___, No. 05-41221, 2007 WL 1063993 at **1-2 (5th Cir. Mar. 7, 2007).  The Government does not contend that the error was harmless.  See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).  Accordingly, Perez's sentence is vacated and remanded for resentencing.

Perez appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation.  He argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 57-month term of imprisonment imposed in his case exceeds the statutory

maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Perez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276. Perez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.