United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40087
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DE JESUS CANO-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-713
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose De Jesus Cano-Lopez is appealing his conviction and 70-month sentence of imprisonment imposed following his guilty plea to attempting to illegally reenter the United States following deportation. Cano-Lopez argues that the district court erred in enhancing his offense level based on his prior Texas drug conviction being a drug-trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(i). He contends that he was convicted under a statute that provides that a "delivery" of drugs includes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an "offering to sell," which is not included in the guidelines definition of drug-trafficking activity.

Cano-Lopez did not make this specific argument in the district court. Thus, review is for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). The court has determined that a district court plainly erred in enhancing a defendant's offense level based on a prior conviction under a similar Texas statute that also included an offer to sell a controlled substance within the meaning of a delivery. United States v. Gonzales, ___ F.3d ___, No. 05-41221, 2007 WL 1063993 at *1-2 (5th Cir. Mar. 7, 2007).

The error affected Cano-Lopez's substantial rights and the fairness of the proceeding because, in the absence of the error, his sentencing guidelines range would have been significantly lower than the sentence that he received. Id. at 2007 WL 1063993 at *3. Cano-Lopez's sentence is vacated, and the case is remanded for resentencing.

Cano-Lopez argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 70-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Cano-Lopez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Cano-Lopez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED, SENTENCE VACATED. REMANDED FOR RESENTENCING.