United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20751
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFREDO SARMIENTO-SANCHEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-431-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Alfredo Sarmiento-Sanchez (Sarmiento) appeals his guilty
plea conviction and 57-month sentence for illegally reentering
the United States after having been previously deported.
Sarmiento argues that the district court plainly erred by
enhancing his base offense level pursuant to U.S.S.G.
§ 2L1.2(b)(1)(A)(i) based upon a determination that his Texas
conviction for delivery of a controlled substance was a drug
trafficking offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court erred by enhancing Sarmiento's offense level under § 2L1.2(b)(1)(A)(i) based upon his prior Texas conviction for delivery of a controlled substance. See United States v. Gonzales, ___ F.3d ___, No. 05-41221, 2007 WL 1063993 (5th Cir. Mar. 7, 2007). As in Gonzales, the district court's error is plain, and the sentence must be vacated and the case remanded for resentencing.

Sarmiento also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Sarmiento contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sarmiento properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the conviction is AFFIRMED. The sentence is VACATED and the case REMANDED for resentencing.