United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-41007
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROSEL NAUN PADILLA-TROCHE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-60-1
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Rosel Naun Padilla-Troche (Padilla) appeals his conviction
and sentence for illegal reentry after having been deported, in
violation of 8 U.S.C. § 1326(a) and (b).  Padilla was sentenced
to 46 months in prison.

    Padilla contends that the district court erred by increasing
his base offense level by 16 levels, based on its finding that
his 1998 Texas conviction of delivery of cocaine was a "drug
trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i).  He
maintains that the Texas delivery statute encompasses the conduct

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of "offering to sell," which exceeds the breadth of the guidelines definition of "drug trafficking offense," and that the 1998 state-court papers that were submitted at his sentencing proceeding were inadequate to "narrow the offense of conviction to one that is encompassed within" the guidelines definition.

In considering whether a prior conviction qualifies as a drug-trafficking offense, the court may look to the statutory definition and elements of the offense, the charging documents, a written plea agreement, the guilty-plea transcript, factual findings by the trial judge to which the defendant assented, and jury instructions. See Shepard v. United States, 544 U.S. 13, 16 (2005) (addressing enhancement under the Armed Career Criminal Act); United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); United States v. Gonzales, ___ F.3d ___, No. 05-41221, 2007 WL 1063993 at *1 (5th Cir. Mar. 7, 2007). In Garza-Lopez, which involved a California statute, this court held that offers to sell a controlled substance are not drug-trafficking offenses under § 2L1.2. Garza-Lopez, 410 F.3d at 274-75.

Although the charging document for Padilla's 1998 conviction accused him of "possess[ing] with intent to deliver" more than four grams but less than 200 grams of cocaine and did not include the language "offer[ing] to sell," another document reflected that Padilla pleaded guilty only to "Delivery Cocaine 1-4 grams," with no further explanation. In Gonzales, this court addressed a

prior conviction under TEX. HEALTH & SAFETY CODE ANN. § 481.112, in which the indictment stated that Gonzales "'did unlawfully, knowingly and intentionally deliver, to-wit:  actually transfer, constructively transfer, and offer to sell a controlled substance.'"  2007 WL 1063993 at *1 (emphasis added).  Because the "indictment and jury instructions permitted the jury to convict Gonzales for behavior that does not constitute a drug-trafficking offense," we held that the district court committed plain error "when it concluded that Gonzales's prior conviction was a for a drug-trafficking offense."  Id. at *2.  Padilla's 1998 charging document did not include the problematic "offering to sell" language; however, the actual plea document in his case left open the distinct possibility that Padilla was convicted for behavior that did not constitute a "drug trafficking offense."  See id.  Accordingly, we must vacate and remand for resentencing.

Padilla also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather than elements of the offense that must be found by a jury.  Padilla's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-

<u>Torres</u> remains binding.  <u>See</u> <u>Garza-Lopez</u>, 410 F.3d at 276.

Padilla properly concedes that his argument is foreclosed in

light of <u>Almendarez-Torres</u> and circuit precedent, but he raises

it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR
RESENTENCING.