United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-10805
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JESUS TERRONES-LOPEZ, also known as Jose Jesus
Terrones-Vasquez,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:06-CR-55)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Jesus Terrones-Lopez appeals his sentence for illegal reentry after having been deported, in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced to 50 months in prison.

Terrones contends the district court erred by increasing his base offense level under the advisory Guidelines by 16 levels, having found that his Texas conviction of delivery of cocaine was a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Terrones preserved this issue in district court, we review it *de novo*. *See* **United States v. Villegas**, 404 F.3d 355, 359 (5th Cir. 2005).

The indictment from Terrones' prior conviction, the only document introduced at sentencing in support of the 16-level increase, stated he "did unlawfully, knowingly and intentionally deliver, to-wit: actually transfer, constructively transfer, and offer to sell a controlled substance". Despite the pleading's conjunctive language, the statute is disjunctive, and the jury could have convicted Terrones based only on an offer to sell. **United States v. Gonzales**, No. 05-41221, 2007 WL 1063993, at *2 (5th Cir. 7 Mar. 2007). Offering to sell a controlled substance, however, is *not* a drug trafficking offense under § 2L1.2. **Id.** at *1; **United States v. Garza-Lopez**, 410 F.3d 268, 273-74 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Accordingly, resentencing is required. *See* **Gonzalez**, 2007 WL 1063993, at *2.

Terrones also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather than elements of the offense that must be found by a jury. Terrones' constitutional challenge is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224, 235 (1998). Terrones properly concedes this; he raises the issue only to preserve it for further review.

2

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*