United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11186
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO AGUILAR-URIOSTIGUE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-52-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

Pedro Aguilar-Uriostigue appeals the sentence imposed following his guilty-plea conviction for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326. He argues that the district court erred in treating his prior Texas conviction for unlawful delivery of a controlled substance as a "drug trafficking offense" for the purpose of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). Because Aguilar-Uriostigue did not object to this adjustment below, we review the district court's determination for plain error only. See United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005), cert. denied, 126 S. Ct. 298 (2005).

As the Texas statute and Aguilar-Uriostigue's state indictment indicate that he may have been convicted for activity that does not constitute a drug-trafficking offense under § 2L1.2, the district court plainly erred by applying § 2L1.2(b)(1)(A)(i) on this basis. See United States v. Gonzales, 484 F.3d 712, 716 (5th Cir. 2007). Absent the 16-level adjustment under § 2L1.2(b)(1)(A)(i), the applicable guideline range of imprisonment would have been significantly lower than the imposed sentence, even if an 8-level adjustment under § 2L1.2(b)(1)(C) had been applied. This error therefore affected Aguilar-Uriostigue's substantial rights. See id. Moreover, this error seriously affected the fairness, integrity, or public reputation of judicial proceedings. See id. Aguilar-Uriostigue's sentence must therefore be vacated on this basis, and the case remanded for re-sentencing.

Aguilar-Uriostigue also challenges the constitutionality of § 1326(b)'s treatment of prior felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. As Aguilar-Uriostigue concedes, his constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), see Garza-Lopez, 410 F.3d at 276, but he raises it here to preserve it for further review.

SENTENCE VACATED; CASE REMANDED FOR RE-SENTENCING.