UNITED STATES of America

v.

**Elias SALCIDO–SANDOVAL, Defendant.**

**No. EP–06–CR–12–4–PRM.**

United States District Court, W.D. Texas, El Paso Division.

July 5, 2007.

Anne Teresa Berton, Federal Public Defender's Office, El Paso, TX, for Defendant.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for Plaintiff.

### *MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO SIXTEEN-LEVEL INCREASE FOR PRIOR CONVICTION*

MARTINEZ, District Judge.

On this day, the Court considered Defendant Elias Salcido–Sandoval's objection to the Presentence Investigation Report's ("PSR") recommendation of a sixteen-level upward adjustment for his prior conviction for unlawful delivery of heroin in Texas. The PSR characterizes Defendant's prior conviction as a "drug trafficking offense for which the sentence imposed exceeded 13 months," thus qualifying Defendant for a sixteen-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). At Defendant's sentencing hearing on June 29, 2007, the Court overruled Defendant's objection and applied the upward adjustment. The Court now writes to more fully explain its decision.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2006, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On April 25, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to § 2L1.2(a). The PSR also recommended a sixteen-level upward adjustment, pursuant to § 2L1.2(b)(1)(A)(i), concluding that Defendant had been convicted of a felony drug trafficking offense prior to his previous removal from the United States. Defendant previously pled guilty to the unlawful delivery of heroin, in violation of § 481.112 of the Texas Health and Safety Code, on May 5, 1988. Defendant was originally placed on seven years deferred adjudicated probation, but on May 26, 1988, his probation was revoked and he was sentenced to seven years imprisonment.

Defendant objected to the recommended increase on the grounds that his prior conviction does not constitute a drug trafficking offense under § 2L1.2(b)(1). He argues that the Texas statute at issue covers conduct that does not constitute a drug trafficking offense, and thus a conviction under the statute cannot be used for purposes of the enhancement. At the sentencing hearing on June 29, 2007, the Court overruled Defendant's objection and applied a sixteen-level increase.

### II. DISCUSSION

The Court's analysis begins with the applicable provisions of the Sentencing Guidelines. The Guidelines call for a sixteen-level increase if Defendant was previously convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(i). A drug trafficking offense for the purpose of that section is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, export, distribute, or dispense." *Id.* § 2L1.2 cmt. n. 1(B)(iv).

The question before the Court is whether a conviction for the unlawful delivery of heroin under § 481.112 of the Texas Health and Safety Code warrants that ad-

justment. At the time of Defendant's conviction, § 481.112 provided that a person commits an offense if he "knowingly or intentionally manufactures, delivers, or possesses with intent to deliver a controlled substance...." Tex. Health & Safety Code Ann. § 481.112 (Vernon 1988). Texas law also provided that "Deliver means to transfer, actually or constructively, to another a controlled substance.... The term includes offering to sell a controlled substance...." Id. § 481.002(8).

Defendant is correct that a conviction under § 481.112 is generally not a drug trafficking offense. In *United States v. Gonzales*, 484 F.3d 712, 714–15 (5th Cir. 2007), the Fifth Circuit held that a conviction under the statute is not a drug trafficking offense because "offering to sell a controlled substance lies outside section 2L1.2's definition of 'drug trafficking offense.'" A defendant convicted under § 481.112 is thus typically not eligible for the sixteen-level increase of § 2L1.2. In this case, though, the Government directs the Court to the indictment and judgment of Defendant's prior conviction.

Generally, the Court is restricted to the statutory definition of Defendant's prior offense, and may not consider the facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 601–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). But when a statute sets forth alternative means of committing the offense, the Court may consider the indictment if it demonstrates that Defendant was charged and subsequently convicted under one of the alternatives. *Id.* Defendant's prior indictment charges that he did "unlawfully, knowingly and intentionally deliver, to-wit: *did then and there actually transfer* a controlled substance to Juan Vallejo, III ...." (em-

phasis added). The judgment in that case indicates that Defendant pled guilty to the indictment, thereby indicating that he pled guilty to the actual transfer of heroin and not merely an offer to sell.[1] Since Defendant's conviction was for conduct that clearly falls within the Guidelines' definition of a drug trafficking offense, the sixteen-level upward adjustment is appropriate in this case.

Accordingly, **IT IS ORDERED** that Defendant Elias Salcido–Sandoval's objection to a sixteen-level increase for a previous conviction of a felony drug trafficking offense is **DENIED.**

---

1. *Cf. United States v. Perez–Guillen*, 2007 WL 1598754, at *1 (5th Cir. June 4, 2007) (finding that the record failed to establish whether the defendant "admitted to actually or constructively transferring a controlled substance, rather than merely offering to sell a controlled substance.").