United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-40363
Summary Calendar

———

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN HERNANDEZ-JUAREZ

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1719-ALL

———

Before REAVLEY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Hernandez-Juarez was convicted pursuant to a guilty plea of violating 8 U.S.C. § 1326.  He now appeals, raising three arguments.

Hernandez-Juarez argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 86-month term of imprisonment imposed in his case exceeds the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Hernandez-Juarez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Hernandez-Juarez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Hernandez-Juarez argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2 (b)(1)(A)(i) based on a finding that he was previously deported following a drug trafficking offense for which the sentence imposed exceeded 13 months. Hernandez-Juarez contends his Texas conviction for delivery of a controlled substance is not a drug trafficking offense for purposes of § 2L1.2 because Texas law defines a "delivery" for purposes of TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) as including an "offer to sell." The indictment and judgment of conviction pertaining to Hernandez-Juarez's prior offense make clear that he was convicted of conduct involving the actual transfer of a controlled substance. The district court did not err in applying the enhancement. See United States v. Gonzales, 484 F.3d 712, 714-15 (5th Cir. 2007).

Finally, Hernandez-Juarez asserts that the district court erred in calculating his criminal history points. Hernandez-Juarez explicitly waived his objection to this ground in district court. Further, he does not indicate why his

convictions should be considered related, does not offer adequate argument and citation in support of his assertion, and does not make a statement regarding the appropriate standard of review. The claim is thus also abandoned due to inadequate briefing. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.