# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-40067
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTUTO ESPARZA-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-908-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Esparza-Gonzalez appeals his conviction of illegal reentry. He contends that the district court erred by adjusting his offense level by 16 levels based on his 1996 state-court conviction of delivery of marijuana. Esparza-Gonzalez argues that the 1996 conviction does not fall within the definition of a drug-trafficking offense because the offense can be committed by merely offering to sell drugs and because it is unclear from the documents in the record in what manner he committed his offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In United States v. Gonzales, 484 F.3d 712, 714 (5th Cir.), cert. denied, 127 S. Ct. 3031 (2007), we held that the definition of a drug-trafficking offense under U.S.S.G. § 2L1.2 did not include the conduct of offering to sell a controlled substance in violation of TEX. HEALTH & SAFETY CODE ANN. § 481.112, the statute criminalizing unlawful delivery of a controlled substance. See TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (defining "deliver" as including "offering to sell a controlled substance, counterfeit substance, or drug paraphernalia"). Because the state indictment and jury instructions indicated that Gonzales could have been convicted for merely offering to sell a controlled substance, this court held that the district court committed reversible plain error by utilizing his Texas conviction to apply the 16-level adjustment under § 2L1.2(b)(1)(A)(i). Gonzales, 484 F.3d at 714-16. Accordingly, the sentence was vacated and the case was remanded for resentencing. Id. at 716.

Esparza-Gonzalez's indictment contains language nearly identical to the indictment in Gonzales. The judgment indicated only that he pleaded guilty, and did not indicate how he committed his offense. The notation in Esparza-Gonzalez's probation-revocation judgment merely indicated that he had pleaded guilty of delivery of marijuana; it did not indicate how he committed his offense. The Government did not present documents approved by Shepard v. United States, 544 U.S. 13, 16 (2005), proving that Esparza-Gonzalez committed a drug-trafficking offense. The district court's judgment is vacated and the case is remanded for resentencing.

Esparza-Gonzalez also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arellano, 492 F.3d 624, 625 (5th Cir.2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.