IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-40745
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADAN SANCHEZ-VASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-261-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Adan Sanchez-Vasquez pleaded guilty to violating 8 U.S.C. § 1326 by illegally reentering the United States following deportation. After enhancing his offense level by 16 levels because of his prior conviction under TEX. PENAL CODE ANN. § 30.02(a) for burglary of a habitation, the district court sentenced Sanchez-Vasquez to serve 75 months in prison.

On appeal Sanchez-Vasquez contends that his burglary conviction was not for a crime of violence (COV) within the meaning of U.S.S.G. § 2L1.2. He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the statute under which he was convicted, TEX. PENAL CODE ANN. § 30.02(a) includes a means to commit the offense that does not meet the definition of a generic burglary as required by the Guidelines to impose such an enhancement. Sanchez-Vasque also asserts that although the indictment charged him conjunctively under two sections of the statute, one section of which satisfied the definition of generic burglary, his guilty plea did not establish that he committed the conduct under that section.

Because Sanchez-Vasquez did not raise this issue below, we review for plain error. United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). To show plain error, Sanchez-Vasquez must show that there was an error that was clear and obvious and affected his substantial rights. See id. If that showing is made, we may exercise our discretion to notice the error if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

The indictment charging Sanchez-Vasquez tracked both § 30.02(a)(1) and § 30.02(a)(3), but neither it nor any other state-court document illuminated under which subsection Sanchez-Vasquez had been convicted. Thus, we cannot determine whether Sanchez-Vasquez pleaded guilty to an offense that meets the definition of a generic burglary. See United States v. Morales-Martinez, 496 F.3d 356, 359-60 (5th Cir. 2007). Accordingly, we hold that the district court plainly erred in imposing a 16-level sentencing enhancement.

Sanchez-Vasquez has also shown that his substantial rights were affected because there is "a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." United States v. Gonzales, 484 F.3d 712, 716 (5th Cir. 2007) (internal quotation marks omitted). In the absence of the erroneous 16-level enhancement, Sanchez-Vasquez would have been subject to only an eight-level enhancement for the commission of an aggravated felony. See § 2L1.2(b)(1)(C). His total offense level would have been reduced from 21 to 13, and, with a criminal history category of

V, his guidelines range would have been reduced to 30 to 37 months, significantly lower than the 75-month sentence imposed. Thus, Sanchez-Vasquez has shown that the district court's error resulted in a substantially different sentence and affected the fairness of the judicial proceeding. See Gonzales, 484 F.3d at 716. Consequently, we must vacate Sanchez-Vasquez's sentence and remand for resentencing.

Sanchez-Vasquez also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING.