**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-60927
Summary Calendar

DONALD ANTHONY SINGH, also known as Donald A Singh,

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 423 848

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Anthony Singh, a native and citizen of Trinidad and Tobago, became a lawful permanent resident of the United States through adjustment of status in 1993. Singh was convicted in February 2008 of delivery by actual transfer of less than one gram of cocaine, in violation of TEXAS HEALTH & SAFETY CODE § 481.112, and he was sentenced to six months in county jail.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In April 2008, the Department of Homeland Security (DHS) charged Singh with being deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i) as an alien convicted of, respectively, an aggravated felony and a controlled substance violation. Singh admitted the factual allegations of the DHS, but the IJ ruled that Singh was not eligible for cancellation of removal due to his prior conviction of an aggravated felony related to a controlled substance. The IJ ordered Singh removed to Trinidad and Tobago.

Singh appealed to the BIA, arguing that the IJ violated his due process rights and that, because his conviction for delivery by actual transfer of less than one gram of cocaine was not an aggravated felony, the IJ erred in refusing to allow him to apply for cancellation of removal. The BIA rejected these claims and dismissed the appeal.

We have jurisdiction over Singh's legal and constitutional claims pursuant to 8 U.S.C. § 1252(a)(2)(D). We generally review only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influences the BIA. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We review the BIA's conclusions of law de novo, according deference to the BIA's interpretations of ambiguous provisions of the Immigration and Nationality Act (INA) in accordance with *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

Singh argues that, because his cocaine delivery conviction under § 481.112 does not constitute an "aggravated felony" under the INA in light of *United States v. Gonzales*, 484 F.3d 712, 714-15 (5th Cir.), *cert. denied*, 127 S. Ct. 3031 (2007), he is not deportable under § 1227(a)(2)(A)(iii) and not ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). The Texas statute of Singh's prior conviction provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance" such as cocaine. § 481.112(a); *see also* § 418.112(b) (punishing such an offense as a "state jail felony" if the aggregate drug quantity

2

is less than one gram). In addition, TEXAS HEALTH & SAFETY CODE § 481.002 defines "deliver" in part, as used in § 481.112, to mean "to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia." Singh's judgment of conviction states that he was convicted of "delivery by actual transfer of cocaine less than 1 gram."

Delivery of cocaine by actual transfer is punishable under the CSA as a felony. The CSA states that "it shall be unlawful for any person knowingly or intentionally to . . . distribute . . . a controlled substance," 21 U.S.C. § 841(a)(1), defines "distribute" as meaning to "deliver," which in turn is defined as "the actual, constructive, or attempted transfer of a controlled substance," 21 U.S.C. § 802(8) & (11), and punishes distribution of cocaine in any amount by a term of imprisonment of not more than 20 years. *See* 21 U.S.C. § 812(c) (listing cocaine under Schedule II); § 841(b)(1)(C) (penalty provision). Because the judgment in Singh's prior case makes clear that Singh did not simply "offer to sell" the cocaine but delivered it by actually transferring it to another, and because that conduct is set forth as a distinct means of committing the offense in the statute of conviction, Singh's crime falls within the meaning of "aggravated felony" in the INA. *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006).[1]

Singh argues that the BIA erred in treating his prior state drug conviction as an aggravated felony because the BIA relied on recidivist statutory provisions, but the argument is misplaced because the BIA did not in fact apply any recidivist provision under state or federal law in reaching its decision.

Singh also contends that the IJ and the BIA violated his due process rights. Due process is not implicated where the claimant has no liberty interest at stake in the agency's action. *United States v. Lopez-Ortiz*, 313 F.3d 225, 231

---

[1] Singh has never argued that his judgment of conviction does not qualify as a *Shepard v. United States*, 544 U.S. 13, 16 (2005) document on the basis that it does not reflect a "factual finding by the trial judge to which the defendant assented." Therefore, we do not reach that question. *See* § 1252(d)(1).

(5th Cir. 2002). Because there is no constitutionally protected liberty interest in the discretionary relief of cancellation of removal or in eligibility for that relief, Singh's due process claim is without merit. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 471 (5th Cir. 2005).

PETITION DENIED.