# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2013

Lyle W. Cayce
Clerk

No. 13-60027
Summary Calendar

ALEJANDRO BUCIO RICON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 904 806

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alejandro Bucio Ricon (Bucio), a native and citizen of Mexico, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal of an order of removal. The BIA determined that Bucio was inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(II), because his 2009 Washington conviction for Unlawful Solicitation to Deliver a Controlled Substance qualified as a violation of law related to a controlled substance. Bucio argues, relying on *United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007), that his 2009

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction did not constitute a violation of law related to a controlled substance because the Washington crime of solicitation is a separate and distinct offense from the state narcotics laws.

Although 8 U.S.C. § 1252(a)(2)(C) generally prohibits our review of a final order of removal against an alien who is removable by reason of having committed certain specified criminal offenses, we have jurisdiction to consider the legal question whether Bucio's past conviction constitutes a violation relating to a controlled substance. *See Danso v. Gonzales*, 489 F.3d 709, 712-13 (5th Cir. 2007).

Section 1182(a)(2)(A)(i)(II) provides that an alien is inadmissible if he has been convicted of or has admitted "committing acts which constitute essential elements of" a violation of a controlled substance law of a state, the United States, or a foreign county. The judgment for Bucio's solicitation conviction specifically states that the offense involved cocaine and the written and signed Statement of the Defendant on Plea of Guilty to Non-Sex Offense, reflects that Bucio pleaded guilty to Solicitation to Deliver a Controlled Substance, specifically cocaine. Thus, his offense involved a controlled substance. *See, e.g., Peters v. Ashcroft*, 383 F.3d 302, 306-09 (5th Cir. 2004). Bucio's reliance on *Gonzales*, 484 F.3d at 714, is misplaced. Bucio has shown no error in the BIA's conclusion that his Washington conviction qualified as an offense under § 1182(a)(2), rendering him inadmissible. *See Danso*, 489 F.3d at 712-13.

Bucio additionally argues that, pursuant to the doctrine announced in *Rosenberg v. Fleuti*, 374 U.S. 449 (1963), he should have been charged as a removable lawful permanent resident rather than as an inadmissible alien because his visit out of the United States was brief, casual, and innocent. As the BIA noted, we have held that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 superceded the *Fleuti* doctrine. *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 501 (5th Cir. 2006).

No. 13-60027

Bucio's petition for review of the order of the BIA is DENIED.  In addition, Bucio moves for an order directing Immigration and Customs Enforcement (ICE) to show cause why this court should not impose sanctions, instruct ICE to return Bucio to the United States, or admonish ICE for its usurpation of judicial authority.  A stay is not automatic but is an exercise of judicial discretion based on the circumstances of the case.  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  Further, ICE violated no order of this court, and Bucio has produced no evidence that ICE effectuates removals in order to thwart rulings on stay motions.  The motion is DENIED.