IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10653
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NIKIA ALEJANDRO MITCHELL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-384-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nikia Alejandro Mitchell was convicted of one count of conspiring to distribute cocaine and to possess cocaine with intent to distribute. The district court determined that he was a career offender and sentenced him to serve 210 months in prison and a five-year term of supervised release. Mitchell appeals his sentence. He argues that the district court erred by classifying him as a career offender because he does not have the requisite number of qualifying convictions, that the district court erred during sentencing by granting him only

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a two-level adjustment in connection with the Government's U.S.S.G. § 5K1.1 motion, and that the district court erred by failing to properly consider the 18 U.S.C. § 3553(a) sentencing factors. As the Government properly observes, the record reflects that Mitchell knowingly and voluntarily waived his right to pursue these claims as part of his plea agreement. See United States v. Story, 439 F.3d 226, 231 (5th Cir. 2006); United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992). Consequently, we decline to consider them. See Melancon, 972 F.2d at 567-68.

Mitchell raises one additional claim that is not precluded by his waiver of his appellate rights. Mitchell argues that counsel rendered ineffective assistance by failing to object to his career offender classification on the grounds that he did not have the requisite prior convictions. We typically decline to consider claims of ineffective assistance of counsel in direct appeals. See United States v. Miller, 406 F.3d 323, 335-36 (5th Cir. 2005). Nevertheless, this is the rare case in which it is appropriate to consider such a claim, as the record is sufficient to permit us to consider Mitchell's argument. See Massaro v. United States, 538 U.S. 500, 508 (2003); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

To establish ineffective assistance of counsel, Mitchell must demonstrate both that his attorney's performance was deficient and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Mitchell's ineffective assistance claim has merit. Counsel could and should have objected to the career offender designation based on United States v. Gonzales, 484 F.3d 712 (5th Cir. 2007), which was released prior to sentencing. Counsel's failure to raise such an argument was objectively unreasonable. See Strickland, 466 U.S. at 688.

Further, counsel's failure to raise the Gonzales argument prejudiced Mitchell. If Mitchell had not been classified as a career offender, his guidelines sentencing range would have been significantly lower than the 210-month

sentence that was imposed.[1]  There is thus a reasonable probability that the result of the proceedings would have been different but for counsel's failings.  See Strickland, 466 U.S. at 694.

Mitchell has shown both that counsel rendered a deficient performance by failing to object to his career offender designation in accordance with Gonzales and that this omission prejudiced him.  He has thus shown that counsel rendered ineffective assistance in connection with his sentence.  His sentence is VACATED, and this case is REMANDED FOR RESENTENCING.

We note that appellate counsel failed to so much as mention, much less discuss, the existence and validity of Mitchell's waiver of his appellate rights in his brief to this court.  Counsel is WARNED that failing to mention such a waiver in any future brief he may file with this court could result in the imposition of sanctions.

---

[1] We offer no opinion as to what sentence Mitchell will or should receive on remand.  For purposes of the instant appeal, we need only conclude that there is a reasonable probability that the result of the proceedings would have been different were it not for counsel's deficient performance. See Strickland, 466 U.S. at 694.