IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-40981

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CLAIR SHARON STANLEY, also known as Susan Jones

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-275

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

Clair Sharon Stanley appeals her sentence for illegal reentry. She contends that the district court erred in applying a 16-level enhancement to her advisory Guidelines range for prior offenses that were said to be "drug trafficking offenses" under U.S.S.G. § 2L1.2(b)(1)(A)(i). She also contends that her sentence is unreasonable. Because the district court did not commit plain error in enhancing Stanley's offense level or abuse its discretion by imposing an unreasonable sentence, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Stanley pled guilty to illegal reentry on February 28, 2006. Stanley's advisory Sentencing Guidelines range was calculated with an offense level that included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for two 1992 New York convictions for criminal sale of a controlled substance in violation of New York Penal Law § 220.39.

At sentencing, Stanley asked the court to consider her work history, her purpose for coming to the United States, which was to bring her ill mother to Honduras, the limited nature of her prior convictions, and her success in her native Honduras, despite not being literate in Spanish. The district court calculated a Guidelines range of 57 to 71 months. The court sentenced Stanley within the Guidelines range to 57 months imprisonment, three years of supervised release, and a $100 assessment. Stanley appealed her sentence to this court.

II.

Stanley contends that her prior New York convictions for criminal sale of a controlled substance are not "drug trafficking offenses" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(i) and that the district court erred by applying the 16-level enhancement in calculating her advisory Guidelines range. She also contends that her sentence is unreasonable.[1]

III.

A.

Stanley did not object to the application of an enhancement under § 2L1.2(b)(1)(A)(i) for her prior drug convictions, so our review is for plain error only. Under the plain error standard, we will reverse only if (1) there is an error,

---

[1] Stanley also raises the argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. She properly concedes that this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995), and raises the argument here only to preserve it for further review.

(2) the error is plain (clear or obvious) under current law, and (3) the error affects the defendant's substantial rights. United States v. Quintana-Gomez, 521 F.3d 495, 496 (5th Cir. 2008). When the three elements of plain error are present, relief is discretionary with the court of appeals and should be granted only when a plain error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc) (abrogated in part on other grounds by Johnson v. United States, 520 U.S. 461, 468 (1997)).

Section 2L1.2(b)(1)(a)(i) requires a 16-level enhancement for a defendant who was previously deported or unlawfully remained in the United States after conviction for a felony that is a drug trafficking offense. The application notes to the Guidelines provide that

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2 cmt. n.1 (B)(iv).

New York Penal Law § 220.39 provides that "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells: 1. a narcotic drug." "Sell" means "to sell, exchange, give or dispose of to another, or offer or agree to do the same." NY Penal Law § 220.00(1).

This court has held that a statute that criminalizes an offer to sell a controlled substance is not a drug trafficking offense because such conduct lies outside the definition provided under § 2L1.2. See United States v. Gonzales, 484 F.3d 712, 716 (5th Cir. 2007) (stating that "offering to sell a controlled substance does not constitute a drug-trafficking offense"); United States v. Garza-Lopez,

410 F.3d 268, 274 (5th Cir. 2006) (holding that a California statute that criminalizes "transportation of a controlled substance for personal use and offers to transport, sell, furnish, administer, or give away a controlled substance" is not a drug trafficking offense). Under this court's precedents in Garza-Lopez and Gonzales, a conviction under New York Penal Statute §220.39[1], based on the text of the statute alone, is not a conviction for a drug trafficking offense.[2]

However, where a statute encompasses conduct that both does and does not constitute a drug trafficking offense, we may rely upon documents such as the charging instrument, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented to determine whether a prior offense is a drug trafficking offense. United States v. Morales-Martinez, 496 F.3d 356, 358 (5th Cir. 2007).

Stanley was convicted of criminal sale of a controlled substance after pleading guilty to indictments alleging that she committed the crime of criminal sale of a controlled substance in the third degree as follows: "The defendants, each aiding the other . . . knowingly and unlawfully sold a controlled substance, to wit: cocaine, to a person known to the grand jury."

Although a conviction under § 220.39[1] may be based on an offer or agreement to sell, exchange, give or dispose of a controlled substance, the Government contends that Stanley's guilty plea admits that she was convicted for having sold cocaine and not merely for an alternative means of committing the crime, such as an offer to sell.

We have held that we look to the law of the jurisdiction in which a guilty plea was entered to determine the effect of the plea. Morales-Martinez, 496 F.3d

---

[2] The Sentencing Commission has proposed an amendment to the definition of "drug trafficking offense" to clarify that the definition includes "offer to sell." Absent action by Congress, this amendment will take effect November 1, 2008. Because this amendment has not yet taken effect and because we affirm on the basis of Stanley's guilty plea, we do not consider the effect of the proposed amendment.

at 359. Under New York law, a guilty plea "constitutes an effective judicial admission by a defendant that he committed the acts charged in the accusatory instrument." People v. Lee, 448 N.E.2d 1328, 1329 (N.Y. 1983). Stanley cites United States v. Gutierrez-Ramirez, 405 F.3d 352 (5th Cir. 2005), for the proposition that her indictment does not narrow the offense in this case. In Gutierrez-Ramirez, we stated that we could not use an indictment to narrow the offense of conviction because "the indictment merely tracks the language of the statute, and includes language relating to conduct that would not qualify as a 'drug trafficking offense.'" Id. at 359. Here, however, the indictment does not include language relating to conduct that would not qualify as a drug trafficking offense. It alleges that Stanley violated New York Penal Code § 220.39[1] because she "knowingly and unlawfully sold" cocaine, conduct which falls within the definition of "drug trafficking offense."

Stanley contends that we should interpret "sold" in her indictment to encompass all of the alternative definitions provided in § 220.00(1), including "offer to sell," and she therefore argues that the indictment does not narrow her offense of conviction to drug-trafficking conduct. Section 220.00(1) lists "to sell" as one of the definitions of "sell." In order to give the statute a non-circular definition, the term "to sell," as it is used within the statutory definition of "sell," must be given its ordinary meaning. Stanley's indictment alleges that she committed a violation of § 220.39[1] "as follows." The indictment then alleges that she "sold . . . cocaine." Stanley has not demonstrated, on the basis of any New York law or other evidence, that her indictment uses the term "sold" to encompass the entire the statutory definition in § 220.00(1) instead of to indicate the statutory means by which she violated § 220.39[1]. Because she has not done so, she has not demonstrated that the district court could have committed any error that is "plain" or "obvious." See United States v. Garcia-Arellano, 522 F.3d 477, 480 (5th Cir. 2008) (stating that error, for plain error analysis, must

be plain or obvious at the time of appellate consideration). We therefore affirm the district court's application of an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) in calculating Stanley's advisory Guidelines range.

B.

Stanley argues that her within Guidelines sentence of 57 months of imprisonment is unreasonable.[3] Stanley contends that her sentence is unreasonable because the district court failed to account for factors that should have received consideration, gave undue weight to other factors, and made a clear error of judgment in balancing the sentencing factors. Stanley also contends that the district court did not sufficiently address the mitigation factors she presented.

Stanley presented arguments in favor of a below-guideline sentence based on her cultural assimilation into the United States, the fact that her prior convictions were old and non-violent, her rehabilitation, her work history, and the fact that her reason for returning to the United States was to convince her elderly mother to return with her to Honduras.

When reviewing the reasonableness of a sentence, we must first ensure that the district court committed no significant procedural error, such as failing to calculate or properly calculate the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, basing a sentence on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall v. United States, 128 S.Ct. 586, 597 (2007). If the

---

[3] Stanley argues that this court's decisions after United States v. Booker, 543 U.S. 220 (2005), effectively reinstated the mandatory Guidelines system by entitling within-Guidelines sentences to a presumption of reasonableness and requiring an articulation of the reasons for a sentence outside the Guidelines. Stanley anticipated that the Supreme Court's consideration of Claiborne v. United States, 127 S.Ct. 551 (2006), and Rita v. United States, 127 S.Ct. 2456 (2007), indicated that the Court might overrule that regime. The Court did not do so. The Supreme Court in Rita affirmed the use at the appellate level of a presumption that a sentence within the correctly calculated Guidelines range is reasonable. 127 S.Ct. at 2463 (2007). This court continues to apply such a presumption.

sentence is procedurally sound, we must then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. Id. A sentence within the Guidelines range is entitled to a presumption of reasonableness. See, e.g., United States v. Cisneros-Gutierrez, 517 F.3d 751, 766 (5th Cir. 2008).

Prior to the Supreme Court's decision in Rita, we held that if a district court imposes a sentence within the properly determined Guidelines range, little explanation is required. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). In Rita, the Court noted that, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." 127 S.Ct. at 2468. The Court added that more than a brief statement may be required when a district court is presented with nonfrivolous arguments for a sentence outside the Guidelines. 127 S.Ct. at 2468-69. Nevertheless, the Court concluded that the district court's reasons for rejecting the defendant's § 3553(a) arguments for a non-Guidelines sentence in that case were, although brief, legally sufficient. Id. at 2469. Specifically, the Court noted that the record made clear that the judge listened to and considered the arguments and evidence but simply found the circumstances insufficient to warrant a sentence below the Guidelines range. Id. The judge said that the range was not "inappropriate" and that a sentence at the bottom of the range was "appropriate." Id. The Court acknowledged that the judge might have said more, but was not required to do so. Id.

In this case, the sentencing transcript reflects that the district court listened to all of the concerns that Stanley raises on appeal and reviewed the information in the presentencing report. The court specifically discussed the fact that Stanley's prior convictions were ten and fourteen years old and Stanley's proffered excuse that she entered illegally to help her mother. The court further stated that, although it understood the hardship that separation from family

creates, a term of imprisonment is warranted based on all the evidence before the court.  Although the court's explanation for its sentence is not lengthy, it is comparable to the statement found sufficient in Rita, and therefore not erroneous.  There is no indication that the court treated the Guidelines as mandatory or committed any other procedural error.

Stanley has also failed to demonstrate that her sentence is substantively unreasonable.  The district court considered and rejected Stanley's arguments for a non-Guidelines sentence, sentencing her within the Guidelines range to a term of 57 months of imprisonment.  Because Stanley's sentence is within the Guidelines, it is entitled to a presumption of reasonableness that we see no reason to disturb.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.