IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-41252

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTONIO BLANCO-ACOSTA, also known as Antonio Costa

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1590-1

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

Antonio Blanco-Acosta appeals his sentence for illegal reentry. He contends that the district court erred in applying a 16-level enhancement to his offense level for a prior offense that was said to be a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i). Because Blanco has not demonstrated that the district court committed plain error in applying the enhancement, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Blanco pled guilty to illegal reentry on July 19, 2005. The advisory Guidelines range was 57 to 71 months, based on an offense level that included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a 1991 New York conviction for criminal sale of a controlled substance under New York Penal Law § 220.39[1]. The district court sentenced Blanco to 57 months of imprisonment, three years of supervised released, and a $100 assessment. Blanco appealed his conviction to this court.

Blanco contends that his prior New York conviction for criminal sale of a controlled substance is not a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(i) and that the district court erred by applying the enhancement in calculating his advisory Guidelines range. He also contends that his sentence is unreasonable as a matter of law[1] and that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.[2]

Blanco did not object to the application of an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for his prior drug conviction, so our review is for plain error only. Under the plain error standard, we will reverse only if (1) there is an error, (2) the error is plain (clear or obvious) under current law, and (3) the error affects the defendant's substantial rights. United States v. Quintana-Gomez, 521

---

[1] Blanco argues that this court's decisions after United States v. Booker, 543 U.S. 220 (2005), effectively reinstated the mandatory Guidelines system by entitling within-Guidelines sentences to a presumption of reasonableness and requiring an articulation of the reasons for a sentence outside the Guidelines. Blanco anticipated that the Supreme Court's consideration of Claiborne v. United States, 127 S.Ct. 551 (2006), and Rita v. United States, 127 S.Ct. 2456 (2007), indicated that the Court might overrule that regime. The Court did not do so. The Supreme Court in Rita affirmed the use at the appellate level of a presumption that a sentence within the correctly calculated Guidelines range is reasonable. 127 S.Ct. at 2463 (2007). This court continues to apply such a presumption, and Blanco does not rebut this presumption by contending that the sentence imposed in his case was unreasonable.

[2] Blanco properly concedes that this issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995), and raises the argument here only to preserve it for further review.

F.3d 495, 496 (5th Cir. 2008). When the three elements of plain error are present, relief is discretionary with the court of appeals and should be granted only when a plain error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc) (abrogated in part on other grounds by Johnson v. United States, 520 U.S. 461, 468 (1997)).

Blanco was convicted of the New York drug offense after pleading guilty to an indictment alleging that he "knowingly and unlawfully sold to a police officer known to the Grand Jury a narcotic drug, to wit, cocaine." Blanco's indictment expressly alleged that he sold narcotics. For the reasons expressed in United States v. Stanley, No. 06-40981 (5th Cir. June 2008), we hold that the district court did not commit plain error in finding that Blanco's prior conviction was for a felony that is a drug trafficking offense.[3]

For the foregoing reasons the judgment of the district court is AFFIRMED. Blanco's motion to expedite his appeal is DENIED.

---

[3] This case was consolidated with United States v. Stanley for the purposes of oral argument.