# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2010

No. 08-60530

Lyle W. Cayce
Clerk

Giancarlo DAVILA,

Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General,

Respondent

Petition for Review of an Order of the Board of Immigration Appeals
Alien No. 091 674 892

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Giancarlo Davila ("Davila") petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") order finding him ineligible for cancellation of removal.  For the following reasons, we grant Davila's petition and remand the case to the BIA for further proceedings consistent with this opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60530

I.

Davila entered the United States from Peru in 1981, and became a lawful permanent resident in 1989. In 2003, he pleaded guilty to criminal sale of cocaine in the second degree under N.Y. PENAL LAW § 220.41 and to criminal possession of a handgun under N.Y. PENAL LAW § 265.01. In 2007, the Department of Homeland Security ("DHS") initiated removal proceedings against Davila under 8 U.S.C. §§ 1227(a)(2)(B)(i), (a)(2)(C). In February 2008, the IJ ordered Davila removed to Peru and found Davila ineligible for discretionary cancellation of removal because Davila's conviction for sale of cocaine in the second degree constituted an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Davila appealed the IJ's determination that he was convicted of an aggravated felony. In May 2008, the BIA dismissed Davila's appeal, agreeing with the IJ that Davila committed an "aggravated felony," and thus was barred from applying for discretionary cancellation of removal under 8 U.S.C. § 1229b(a)(3).

II.

"The BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal is a question of law that we review *de novo.*" *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009). However, if a statute is ambiguous, we defer to the agency's interpretation of the provisions it administers, so long as those interpretations are based on a permissible construction of the statute. *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 843 (1984).

III.

The Immigration and Nationality Act ("INA") provides that discretionary cancellation of removal is not available to anyone convicted of "any aggravated

felony."  8 U.S.C. § 1229b(a)(3).  Davila's prior conviction for selling cocaine under N.Y. PENAL LAW § 220.41 is an aggravated felony if it constitutes a "drug trafficking crime" as defined by the Controlled Substances Act ("CSA").  8 U.S.C. § 1101(a)(43)(B).  The CSA defines a drug trafficking crime to mean any felony punishable under the CSA.  18 U.S.C. § 924(c)(2).  In *Lopez v. Gonzales*, the Supreme Court held that "a state offense constitutes a 'felony punishable under the [CSA]' only if it proscribes conduct punishable as a felony under that federal law."  549 U.S. 47, 60 (2006).  Thus, the question narrows to whether Davila's conviction under N.Y. PENAL LAW § 220.41 is a felony under the CSA.[**]

To determine whether a state crime proscribes conduct punishable by the CSA, we use a "categorical approach."  *Larin-Ulloa v. Gonzales,* 462 F.3d 456, 463 (5th Cir. 2006); *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005).  Under this approach, "we refer only to the statutory definition of the crime for which the alien was convicted" and ask whether every possible conviction under that statute is a felony under the CSA.  *Larin-Ulloa*, 462 F.3d at 463.  Put another way, the lone inquiry is whether there is a possibility that Davila could have violated N.Y. PENAL LAW § 220.41 without violating the CSA.  *See Taylor v. U.S.*, 495 U.S. 575, 599–602 (1990).

N.Y. PENAL LAW § 220.41 provides that "a person is guilty of criminal sale of a controlled substance in the second degree when he knowingly and unlawfully sells [one-half ounce or more of cocaine]."  However, one may be convicted of "selling" under N.Y. PENAL LAW § 220.41 for merely *offering* to sell, exchange, or give a controlled substance.  N.Y. PENAL LAW § 220.00.  In comparison, the CSA provides that "it shall be unlawful for any person to

---

[**] The Government asserts that the mere fact that New York assigns a felony classification to Davila's conviction is enough to classify it as a felony under the CSA. However, the holding of *Lopez* precludes this inference.  549 U.S. at 60.  N.Y. PENAL LAW § 220.41 must be a federal felony.

knowingly or intentionally . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). Distribution under the CSA requires "the actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. § 802(8), (11). Because Davila could have been convicted under N.Y. PENAL LAW § 220.41 for an offer to sell (which is not an offense under the CSA), he has not categorically committed a drug trafficking crime.

This conclusion is supported by our case law. We have addressed the same issue created by similar statutes that punish "offers to sell" in determining whether they constitute drug trafficking crimes under the U.S. Sentencing Guidelines ("USSG").[***] Although we have not considered N.Y. PENAL LAW § 220.41 before, we have found that a violation of § 220.39 for criminal sale of controlled substances in the *third* degree does not constitute a drug trafficking crime under the USSG for this reason. *See U.S. v. Stanley*, 281 F. App'x 370, 372 (5th Cir. 2008) (unpublished).

Also much like N.Y. PENAL LAW § 220.41, TEX. HEALTH & SAFETY CODE § 481.112(a) criminalizes the "deliver[y] of controlled substances," where delivery includes "offering to sell a controlled substance." *See* TEX. HEALTH & SAFETY CODE § 481.002. We have consistently held that convictions for delivery of controlled substances under TEX. HEALTH & SAFETY CODE § 481.112(a) do not qualify as drug trafficking offenses because the convictions might be for "offers to sell," and therefore the Texas statute is broader in scope than the CSA. *See, e.g., U.S. v. Price*, 516 F.3d 285, 287 (5th Cir. 2008) (finding it dispositive that "the definition of 'drug trafficking offense' under the guidelines does not include an offer to sell"). *See also U.S. v. Gonzales*, 484 F.3d 712, 714–15 (5th Cir. 2007);

---

[***] We have previously found that because the definitions of "drug trafficking crime" are effectively identical between the USSG and the CSA, CSA cases may rely on determinations of drug trafficking crimes made in the sentencing context. *Vasquez-Martinez*, 564 F.3d at 717–19.

No. 08-60530

*Morales-Martinez*, 496 F.3d at 358. We have reached the same conclusion with regard to a similar provision of the California Health and Safety Code. *See U.S. v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). Following these cases, because N.Y. PENAL LAW § 220.41 prohibits "offers to sell," it exceeds the scope of the CSA.

An examination of documents we are permitted to consider in addition to the categorical approach has not been helpful. These documents are generally limited to the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *See Shepard v. U.S.,* 544 U.S. 13, 16 (2005). In this case, examining these documents does not reveal anything about the nature of Davila's "sale," because the indictment merely tracks the language of the statute. Thus, the record fails to establish that Davila's conviction under N.Y. PENAL LAW § 220.41was not merely for an offer to sell.

CONCLUSION

Because we find that the record is insufficient to establish that Davila's conviction under N.Y. PENAL LAW § 220.41 is an aggravated felony under 8 U.S.C. § 1101(a)(43), we GRANT Davila's petition for review and REMAND to the BIA for further proceedings consistent with this opinion.

GRANT PETITION.

REMAND.