REVISED JULY 29, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2010

Lyle W. Cayce
Clerk

No. 07-60445
Summary Calendar

CHARLES EGBERT CLARKE, also known as Shawn Phillips, also known as
Charlie Charkes, also known as Charles Clark, also known as Sean C Phillips,
also known as Karl J Clarke, also known as Junior Davis, also known as Junior
Smith, also known as Charle Willmoe, also known as Rambo Gibbs, also known
as Junior Kojak, also known as Shan Phillips

                                        Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

                                        Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A39 059 578

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

ON PETITION FOR REHEARING EN BANC

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is GRANTED in part. Accordingly, we WITHDRAW our previous opinion and replace it with the following opinion.

Clarke petitioned this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ) order finding him ineligible for cancellation of removal because he had committed an aggravated felony; removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) because he had been convicted of a controlled substance violation; and removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony.

In the now-withdrawn opinion, filed in December 2009, this panel relied on Carachuri-Rosendo v. Holder, 570 F.3d 263, 266-68 (5th Cir. 2009), and held that the BIA did not err in finding Clarke committed an aggravated felony based upon his 2006 conviction in New York of criminal possession of crack cocaine in the seventh degree after he had been convicted in New York in 1995 of criminal possession of cocaine in the seventh degree. On June 14, 2010, the Supreme Court unanimously reversed our decision in Carachuri-Rosendo. Carachuri-Rosendo v. Holder, No. 09-60, 2010 U.S. LEXIS 4764, 560 U.S. ____ (June 14, 2010), rejecting this court's "hypothetical approach" and holding that "the defendant must also have been actually convicted of a crime that is itself punishable as a felony under federal law." Id. at *32, *35.

Carachuri-Rosendo, however, does not carry the day for Clarke, because the BIA found Clarke removable as an aggravated felon, and thus ineligible for cancellation of removal, for two independent reasons. Although we had no reason to address the Board's alternate finding in our earlier opinion, Clarke was also convicted in 1991 for attempted criminal sale of cocaine in the third degree, in violation of §§ 110 and 220.39(1) of the N.Y. PENAL LAW. "To qualify as an 'aggravated felony' under the [Immigration and Nationality Act (INA)], the

conduct prohibited by state law must be punishable as a felony under federal law."[1] Carachuri-Rosendo, 2010 U.S. LEXIS 4764, at *35 (citing Lopez v. Gonzales, 549 U.S. 47, 60 (2006)). The BIA properly found that Clarke's conviction for attempted criminal sale of cocaine encompassed conduct punishable as a felony under the Controlled Substances Act (CSA), 21 U.S.C. §§841(a)(1) and 846, attempted possession of cocaine with intent to distribute.

A recent panel of this court stated that "we have found that a violation of [N.Y. PENAL LAW] § 220.39 for criminal sale of controlled substances in the third degree does not constitute a drug trafficking crime under the [United States Sentencing Guidelines]" because statutes that punish "offers to sell" are not drug trafficking crimes under the CSA. Davila v. Holder, No. 08-60530, 2010 U.S. App. LEXIS 12230, at *5 (5th Cir. June 15, 2010) (unpublished) (citing United States v. Stanley, 281 F. App'x 370, 372 (5th Cir. 2008) (unpublished)).[2] Stanley, however, actually held that "a conviction under New York Penal Statute § 220.39, based on the text of the statute alone, is not a conviction for a drug trafficking offense." Stanley, 281 F. App'x at 372 (emphasis added). Using the method approved by the Supreme Court in Shepard v. United States, 544 U.S. 13, 16 (2005), the court in Stanley looked to the charging instrument and to "the law of the jurisdiction in which the guilty plea was entered" to determine whether the defendant was subject to a sentencing enhancement under the categorical approach. Id. Under New York law, a guilty plea "constitutes an

---

[1] We note that under 8 U.S.C. § 1101(a)(43)(U), an attempt to commit any of the offenses described therein is an aggravated felony.

[2] We have previously held that because "the Guidelines definition of 'controlled substance offense' is nearly identical to the definition of conduct defined as a felony under the Controlled Substances Act," Vasquez-Martinez v. Holder, 564 F.3d 712, 719 (5th Cir. 2009), CSA cases may rely on determinations of drug trafficking crimes made in the sentencing context. Davila, 2010 U.S. App. LEXIS at **5-6.
.

effective judicial admission by a defendant that he committed the acts charged in the accusatory instrument." People v. Lee, 448 N.E.2d 1328, 1329 (N.Y. 1983).

Stanley noted that while the statutory definition of "to sell" contained in § 220.39 encompassed an "offer to sell," see N.Y. PENAL LAW § 220.00(1), Stanley's indictment alleged that she committed "a violation of § 220.39[1] 'as follows.' The indictment alleges that she 'sold . . . cocaine.'" Stanley, 281 F. App'x at 373. "When determining whether a prior offense is a drug-trafficking offense, the court may also consider documents such as the charging instrument and the jury instructions." United States v. Gonzales, 484 F.3d 712, 714 (5th Cir. 2007) (per curiam). In United States v. Gutierrez-Ramirez, we stated that we could not use an indictment to narrow the offense of conviction where "the indictment merely tracks the language of the statute, and includes language relating to conduct that would not qualify as a 'drug trafficking offense.'" 405 F.3d 352, 359 (5th Cir. 2005). In Stanley, however, the indictment alleged that Stanley "knowingly and unlawfully sold" cocaine, "conduct which falls within the definition of 'drug trafficking offense.'" Stanley, 281 F. App'x at 373. The court rejected Stanley's contention that it should "interpret [the word] 'sold' in her indictment to encompass all of the alternative definitions provided in § 220.00(1), including 'offer to sell.'" Id. Giving the term "to sell" as it is used within the statutory definition of "sell" its ordinary meaning, the court concluded that the district court had not committed plain error when it determined Stanley's § 220.39 conviction was a drug trafficking offense.

The record is sufficient to establish that Clarke's conviction under N.Y. PENAL LAW § 220.39 is a drug trafficking crime under the CSA. The record indicates Clarke pleaded guilty to § 220.39. Under New York law, this plea constitutes a judicial admission of commission of the acts charged in the indictment. Lee, 448 N.E.2d at 1329. Because a violation of § 220.39 may encompass conduct that does not qualify as a drug trafficking crime under the

CSA, we consider Clarke's indictment. The language in Clarke's indictment is virtually indistinguishable from the indictment discussed in Stanley. It accuses Clarke of the crime of criminal sale of a controlled substance in the third degree (§ 220.39) "as follows: The defendants, each aiding the other, on or about March 20, 1989, in the County of Kings, knowingly and unlawfully sold a narcotic drug, namely: cocaine, to a person known to the grand jury." As in Stanley, Clarke's indictment does not merely track the language of the statute—it alleges he "sold" cocaine to another individual. Like the panel in Stanley, we accord the word "sold" its ordinary meaning and conclude that the record establishes Clarke's § 220.39 conviction was not for an "offer to sell," and that it therefore constitutes a drug trafficking crime under the CSA. Cf. Davila, 2010 U.S. App. LEXIS at *7 ("In this case, examining these documents does not reveal anything about the nature of Davila's 'sale,' because the indictment merely tracks the language of the statute. Thus, the record fails to establish that Davila's conviction under N.Y. PENAL LAW § 220.41 was not merely for an offer to sell.").

The Supreme Court's decision in Carachuri-Rosendo did not disturb our other conclusions. We recount them here. Clarke's claims that several due process violations occurred with respect to his removal proceedings were not exhausted before the BIA, and we therefore lack jurisdiction to consider them. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004) (per curiam). Clarke also previously filed a petition for review (PFR) of the BIA's denial of his motion for reconsideration, raising arguments identical to arguments raised with respect to Clarke's PFR from the BIA's dismissal of his appeal. Accordingly, Clarke's PFR from the denial of his motion for reconsideration lacks merit for the same reasons stated above. The Government also moved to dismiss Clarke's PFR from the denial of his motion for reconsideration.

For the reasons stated above, Clarke's PFR from the dismissal of his appeal is DENIED, his PFR from the denial of his motion for reconsideration is

DENIED, and the Government's motion to dismiss is DENIED as unnecessary.

All other motions pending before this court are DENIED.