**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4324
_____

AMERICO BERROA,
                                            Petitioner,
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A044-877-886)
Immigration Judge: Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2013

Before:  SCIRICA, JORDAN and COWEN, Circuit Judges

(Opinion filed: May 14, 2013)
_____

OPINION
_____


PER CURIAM

        Petitioner Americo Berroa ("Berroa") petitions for review of the Board of

Immigration Appeals' final order of removal.  For the reasons that follow, we will deny

the petition for review.

Berroa, a native and citizen of the Dominican Republic, was admitted to the United States as a lawful permanent resident in November, 1994. On September 17, 1999, he was convicted following a guilty plea in New York state court, Bronx County, of attempted criminal sale of crack cocaine in the third degree in violation of N.Y. Penal Law § 110 (attempt) and § 220.39(1), a class B felony. On July 11, 2002, Berroa was convicted of another offense, criminal possession of crack cocaine in violation of N.Y. Penal Law § 220.03. On January 10, 2012, the Department of Homeland Security initiated removal proceedings, charging that Berroa was removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), on the basis of an aggravated felony as defined by INA § 101(a)(43)(B) (drug trafficking crime), and (U) (conspiracy or attempt), for the 1999 felony attempted criminal sale conviction. The NTA also charged that Berroa was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for the 2002 possession conviction, in that after admission he was convicted of violating a law relating to a controlled substance. In this appeal we are concerned with the 1999 felony attempted criminal sale of crack cocaine conviction because cancellation of removal requires the alien to establish, among other things, that he has not been convicted of an aggravated felony, 8 U.S.C. § 1229b(b)(1)(C).

Early in the removal proceedings, the Government submitted Berroa's state conviction records, which included one item pertaining to his 1999 attempted criminal sale conviction. That item, titled "Certificate of Disposition – Superior Court Information," stated that, on August 9, 1999, Berroa pleaded guilty to "Attempted Criminal Sale of a Controlled Substance 3rd Degree PL  110-220.39  01 CF (Crack)."

2

A.R. 203. It further noted that Berroa was sentenced on September 17, 1999 to time served and 5 years of probation. See id.

Berroa appeared with counsel at a hearing on February 14, 2012, and argued that he was not an aggravated felon under the INA and that he needed "to obtain the plea allocution," A.R. 127, relating to the 1999 attempted criminal sale conviction. Counsel argued that Berroa met the "threshold" for cancellation of removal, and that he wanted court records "to find out exactly what [Berroa] pled to" and "the plea allocution will indicate that fact." See id. at 128. Berroa also indicated his wish to pursue state post-conviction relief with respect to the 1999 conviction on the basis of Padilla v. Kentucky, 130 S. Ct. 1473 (U.S. 2010) (counsel renders constitutionally ineffective assistance when he fails to advise a defendant that his guilty plea makes him subject to automatic deportation). The Immigration Judge granted Berroa a continuance, not so that he could seek post-conviction relief, but so that he could obtain additional documents pertaining to the factual basis for his 1999 guilty plea to attempted criminal sale of crack cocaine. A.R. 131.[1]

Berroa again appeared with counsel at a March 1, 2012 hearing. He did not submit additional conviction records relating to the 1999 conviction. He admitted the factual allegations with respect to the 2002 possession conviction, A.R. 140, and then

---

[1] The IJ stated:

> So, you, you're going to have to face these charges, however much you and your client would not like to do that. You're going to have to answer them. And, the Government's made their argument. They've provided records. It's time for you to come forward with evidence….

Id.

argued that he had since turned his life around by being a good worker and helping people. With respect to the 1999 conviction, he acknowledged that he had pleaded guilty to attempted criminal sale in the third degree, but stated: "This was my first experience with the criminal justice system. I was scared. I was a drug user, not a seller. I professed my innocence to the legal aid lawyer, but she told me that it would be better to take the deal. She never told me of the Immigration consequences back in 1999 of taking this deal. And, honestly, I would have never pled guilty if I knew of these consequences." A.R. 140-41. The Immigration Judge then expressed her view that the 1999 attempted criminal sale conviction was an aggravated felony under the INA, and that Berroa was removable as charged, but another hearing was scheduled.

Berroa submitted an application for relief under the Convention Against Torture, but then withdrew it and, instead, through new counsel at the hearing on June 8, 2012, asked for a continuance so that he could file a petition for post-conviction relief in New York state court on the basis of Padilla. The IJ issued an oral decision on this same day, declining to grant any further continuances because she had already granted a continuance, Berroa had not yet even filed his motion for post-conviction relief, and, even if he had, the likelihood that he would be granted post-conviction relief was speculative. The IJ further held that Berroa's 1999 felony conviction for attempted criminal sale of crack cocaine was an aggravated felony under the INA, and that Berroa also was removable for his conviction for a controlled substance violation, the 2002 possession conviction. Because of his aggravated felony conviction, Berroa was ineligible for relief from removal, including voluntary departure and cancellation of removal. The IJ ordered Berroa removed to the Dominican Republic.

4

Berroa appealed through his same counsel to the Board of Immigration Appeals, arguing that his 1999 felony conviction for attempted criminal sale was not an aggravated felony under Lopez v. Gonzales, 549 U.S. 47 (2006) (aggravated felony includes only conduct punishable as a felony under Controlled Substances Act, regardless of whether state law classifies such conduct as felony or misdemeanor), and a recent not precedential decision by the Fifth Circuit Court of Appeals, Davila v. Holder, 381 Fed. Appx. 413 (5th Cir. 2010). Berroa also argued that the IJ abused her discretion in declining to grant a continuance on the basis of Padilla.[2] The Department of Homeland Security did not submit a brief in response.

On October 23, 2012, the Board dismissed Berroa's appeal, affirming the IJ's determination that he is removable as an alien convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), as defined by INA § 101(a)(43)(B) (drug trafficking crime), and (U) (conspiracy or attempt). The Board employed the "formal" categorical approach, see Taylor v. United States, 495 U.S. 575 (1990), and hypothetical federal felony approach, see, e.g., Evanson v. Att'y Gen. of U.S., 550 F.3d 284, 289 (3d Cir. 2008), and concluded that Berroa's 1999 felony conviction for attempted criminal sale of crack cocaine under N.Y. Penal Law § 220.39(1) corresponded to the federal offense of attempted distribution of a controlled substance under 21 U.S.C. §§ 841(a)(1) and 846, and was punishable as a felony under 21 U.S.C. §§ 841(b)(1)(C). Berroa thus was ineligible for cancellation of removal. The Board determined that Lopez did not change this result, and, in the margin, the Board noted that Davila was neither precedential nor

---

[2] Berroa did not appeal the IJ's determination that he is removable as an alien convicted of a controlled substance violation.

controlling in this circuit. The Board also affirmed the IJ's denial of Berroa's request for an additional continuance, reasoning that the IJ had reasonably refused to continue proceedings on the basis of an unfiled and speculative collateral attack on the 1999 conviction.

Berroa petitions for review pro se. We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a), (b)(1), but where the petitioning alien has been convicted of an aggravated felony after admission to the United States, we review only legal and constitutional claims, see id. at § 1252(C)-(D). Here, we have jurisdiction to address whether Berroa's 1999 felony conviction for attempted criminal sale of crack cocaine in violation of New York Penal Law § 220.39(1) constitutes an aggravated felony under the INA, see id. at § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Whether Berroa's 1999 felony conviction qualifies as an aggravated felony is a question of law subject to plenary review. See Evanson, 550 F.3d at 288; Garcia v. Att'y Gen. of U.S., 462 F.3d 287, 290-91 (3d Cir. 2006).

We will deny the petition for review. Berroa argues in his pro se brief that the "modified" categorical approach should have been used to analyze whether his 1999 felony conviction qualifies as an aggravated felony under the INA because the state statute is "facially disjunctive," see Petitioner's Brief, at 4-5, 11-16. There are two routes to determine whether a conviction is an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), as defined by INA § 101(a)(43)(B): (1) the illicit trafficking route and (2) the hypothetical federal felony route. See Evanson, 550 F.3d at 288-89. A state drug conviction constitutes an aggravated felony under the hypothetical federal felony route if, regardless of whether a state would classify it as a misdemeanor, it would be punishable

6

as a felony under the federal Controlled Substances Act ("CSA"). See Thomas v. Att'y Gen. of U.S., 625 F.3d 134, 137 (3d Cir. 2010).

The Board concluded that Berroa's conviction was an aggravated felony under the hypothetical federal felony route using the formal categorical approach described in Taylor, 495 U.S. 575. Application of the formal categorical approach in Berroa's case requires examination of N.Y. Penal Law § 220.39(1), without consideration of the particular facts underlying the conviction, to determine whether a violation of it is punishable as a felony under the CSA. Garcia, 462 F.3d at 291. Under § 220.39(1), "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells a narcotic drug." N.Y. Penal Law § 220.39(1). New York's controlled substance statute defines "sell" to mean "sell, exchange, give or dispose of to another, or to offer or agree to do the same," N.Y. Penal Law § 220.00. Accordingly, the statute under which Berroa was convicted in 1999 applies to any transfer of crack cocaine, whether payment was involved or not. See People v. Starling, 650 N.E.2d 387, 390 (N.Y. 1995) (by enacting broad definition of "sell" to embrace acts of giving or disposing of drugs, Legislature evinced clear intent to include any form of transfer of controlled substance from one person to another).

In Davila, the Fifth Circuit Court of Appeals considered whether the petitioning alien's conviction for criminal sale of cocaine in the second degree under N.Y. Penal Law § 220.41 constituted an aggravated felony because it was punishable under the CSA as a felony. 381 Fed. Appx. at 415. Applying the formal categorical approach, the court looked at §§ 220.41 and 220.00, and compared these New York statutes to 21 U.S.C. § 841(a)(1). The court determined that the petitioning alien could have been convicted

7

under § 220.41 merely for an offer to sell cocaine, which the court reasoned was not an offense under the CSA. Davila, 381 Fed. Appx. at 415. Therefore, the court applied the "modified" categorical approach, see Shepard v. United States, 544 U.S. 13, 16 (2005), and concluded that the petitioning alien's conviction records did not reveal anything about the nature of the "sale" because the indictment merely tracked the language of the statute. The alien was thus eligible to apply for cancellation of removal. But see Clarke v. Holder, 386 Fed. Appx. 501, 504 (5th Cir. 2010) (violation of N.Y Penal Law § 220.39 may encompass conduct that does not qualify as a drug trafficking crime under CSA but conviction records were sufficient to establish that alien's conviction was drug trafficking crime).

As explained by the Board, we are not bound by an unpublished decision from another circuit. Moreover, we agree with the Board that Berroa's 1999 felony conviction for attempted criminal sale of crack cocaine under N.Y. Penal Law § 220.39(1) – using the formal categorical approach – corresponded to the federal offense of attempted distribution of a controlled substance under 21 U.S.C. § 841(a)(1). Distribution within the meaning of 21 U.S.C. § 841(a)(1) does not require that a "sale" take place. The word "distribute" means "to deliver," id. at § 802(11), and "deliver" means "the actual, constructive, or attempted transfer of a controlled substance," id. at 802(8). Under section 841(a)(1), remuneration is not required in order to satisfy the requirements of "delivery" or "distribution" of a controlled substance under section 841(a)(1). See United States v. Wallace, 532 F.3d 126, 129 (2d Cir. 2008); United States v. Cormier, 468 F.3d 63, 71 n.3 (1st Cir. 2006); United States v. Durham, 464 F.3d 976, 981 n.7 (9th Cir. 2006); United States v. Washington, 41 F.3d 917, 919-20 (4th Cir. 1994). Therefore,

8

even if Berroa did no more than offer to sell crack cocaine and no money changed hands, the state offense would be conduct punishable as a federal felony under the CSA, thus rendering it an aggravated felony under the INA. See Pascual v. Holder, 707 F.3d 403 (2d Cir. 2013) (per curiam) (criticizing Davila and, applying formal categorical approach, holding that federal statute analogous to N.Y. Penal Law § 220.39(1) is 21 U.S.C. § 841(a)(1).

Moreover, even if we applied the "modified" categorical approach here, see generally Thomas, 625 F.3d at 143 (applying modified categorical approach to analyzing New York misdemeanor conviction for criminal sale of marijuana), Berroa failed to adduce any records to support his assertion that he did not, in pleading guilty, admit the elements of the offense of attempted criminal sale of crack cocaine. During the proceedings, he asked for and was granted a continuance to obtain records relating to his plea, and then failed to produce them, and he has not argued that the Government, in providing only the certificate of disposition relating to the 1999 attempted criminal sale conviction, failed to meet its burden of proof, 8 U.S.C. § 1229a(c)(3)(A) (Government must prove deportability by clear and convincing evidence), (B) (listing documents that constitute proof of criminal conviction).

In reliance on Lopez, Berroa may be arguing that, in pleading guilty to attempted criminal sale of crack cocaine, he was guilty only of simple possession of cocaine, which is a misdemeanor under 21 U.S.C. § 844(a), see Petitioner's Brief, at 16. Lopez involved a petitioning alien's felony conviction under a South Dakota possession statute for aiding and abetting the possession of cocaine. The Supreme Court held that the alien's conviction did not constitute an aggravated felony under the INA because it was

punishable only as a misdemeanor under 21 U.S.C. § 844(a). We note that the CSA punishes drug possession offenses as misdemeanors, that is, by one year's imprisonment or less, see 18 U.S.C. § 3559(a), except for repeat offenders, persons who possess more than 5 grams of cocaine base, persons who possess flunitrazepam, and persons who possess with intent to distribute. Lopez, 549 U.S. at 54 n.4 (citing 21 U.S.C. § 844(a)). New York Penal Law § 220.39(1) is not, however, a drug possession statute. We thus agree with the Board that Lopez does not require a different result in Berroa's case.

Last, Padilla is not retroactive to cases on collateral review and thus does not apply to Berroa's 1999 conviction, Chaidez v. United States, 133 S. Ct. 1103 (U.S. 2013). Accordingly, his argument that good cause required the IJ to grant him an additional continuance so that he could pursue state post-conviction relief under Padilla is moot.

For the foregoing reasons, we will deny the petition for review.