# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRAYBEON LEKEITH FORD,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-155-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Traybeon Lekeith Ford has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Ford has responded to counsel's motion and asserts that his appeal raises three nonfrivolous issues.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20155

First, Ford contends that the district court erred in denying a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. This court "will affirm a sentencing court's decision not to award a reduction under § 3E1.1 unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). Although a defendant who pleads guilty prior to trial and truthfully admits relevant conduct may qualify for the reduction, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." § 3E1.1 cmt. n.3. The district court denied a reduction for acceptance of responsibility and applied an enhancement for obstruction of justice on the ground that, after being released on bond, Ford violated his conditions of supervised released and failed to appear in court for three years. Conduct resulting in an obstruction-of-justice enhancement ordinarily indicates that the defendant has not accepted responsibility. § 3E1.1 cmt. n.4. Ford has not set forth any circumstance showing that his case is one of the extraordinary ones in which both §§ 3C1.1 and 3E1.1 may apply. *See id.*

Second, Ford contends that the district court erred in failing to explain its reason for an upward variance. When imposing a variance, the court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fairness in sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Contrary to Ford's assertion, the district court explained the basis for the upward variance both at sentencing and in the Statement of Reasons. The record reflects that the court considered a number of factors in imposing the variance, including Ford's failure to appear for three years and Ford's possession of an assault rifle that had been converted to a

No. 13-20155

fully automatic machine gun, along with magazines capable of holding 40 to 43 rounds of ammunition, in a house where small children lived.

Finally, Ford contends that there was no evidence that the firearm in his possession was stolen, so as support the district court's enhancement under U.S.S.G. § 2K2.1(b)(4)(A). Because Ford did not object to the enhancement in the district court, this court's review is for plain error only. *See United States v. Gonzalez*, 484 F.3d 712, 714 (5th Cir. 2007). The Presentence Report (PSR) indicated that the Harris County Sheriff's Office had run the firearm found in Ford's room through a computer database and the firearm was reported stolen out of the Houston Police Department on October 17, 1999. The PSR further stated that the status of the firearm as stolen was "verified by the Bureau of Alcohol, Tobacco, Firearms and Explosives." "Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (internal quotation marks and citation omitted).  Ford did not object to the above factual information in the PSR or present rebuttal evidence. Accordingly, Ford has not demonstrated error, plain or otherwise.

After reviewing counsel's brief, Ford's response, and the relevant portions of the record, we concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Ford's motions for the appointment of new counsel are DENIED. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).